**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER LLP**
Todd S. Garber
*tgarber@fbfglaw.com*
D. Greg Blankinship
*gblankinship@fbfglaw.com*
1311 Mamaroneck Ave., Suite 220
White Plains, NY 10605
Telephone: (914) 298-3283
Facsimile: (914) 824-1561

**THE LAW OFFICES OF NORAH HART**
Norah Hart (*pro hac vice* forthcoming)
*nhart@hart-smart.net*
305 Broadway, 9th Floor
New York. NY 10007
Telephone: (212) 897-5865
Facsimile: (212) 320-0373

*Attorneys for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOSTAQUE AHMED, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 1:15-cv-3431<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

{00271690 }

Plaintiff Mostaque Ahmed by and through his attorneys Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and the Law Offices of Norah Hart on behalf of himself and all others similarly situated, alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, the following against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"):

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Dodd Frank Wall Street Reform and Consumer Protection Act (Dodd Frank), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA").

2.  Pursuant to 28 U.S.C. § 1391, venue is proper in this District because transactions giving rise to the claims occurred in this district and Plaintiff maintains property as his primary residence within this district.

## SUMMARY OF THE ACTION

3.  This action is to enforce regulations promulgated by the Consumer Finance Protection Bureau that became effective on September 30, 2009, specifically, 12 C.F.R. § 1024.41 of Regulation X.[1]

4.  On or about September 17, 2009 Plaintiff entered into a promissory note secured by a mortgage on his house located at 1003 East 5th Street, Brooklyn, New York 11230. The residential mortgage loan (the "Loan") is a "federally related mortgage loan" as said term is defined by 12 C.F.R. §1024.2(b); 12 U.S.C. §2602.

---

[1] In January, the Consumer Financial Protection Bureau ("CFBP") issued a number of final rules concerning mortgage markets in the United States, pursuant to Dodd Frank, Public law No. 111-203, 124 Stat. 1376 (2010). Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 F.R. 10901 (Regulation Z) (February 14, 2013) and 78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

5. Some time after its origination, Wells Fargo began servicing Plaintiff's Loan. At all times relevant hereto, Wells Fargo serviced Plaintiff's Loan.

6. Plaintiff remained current on his Loan until February of 2010. After February 2010 the Plaintiff's daughter needed financial support while she was treated for cancer.

7. Owing to Plaintiff's need to support his daughter Plaintiff was unable to continue making his monthly mortgage payments and defaulted on the Loan.

8. Throughout 2013 and 2014 Plaintiff applied for loan assistance through the loss mitigation options established by the Treasury Department to assist homeowners in default or at risk of default. In addition to the Treasury Department's directives regarding loan modifications, the Consumer Financial Protection Bureau ("CFPB") has promulgated rules that govern the mortgage servicing industry, including regulations concerning loan modification and other loss mitigation options. Many of these regulations describe loss mitigation procedures that servicers must follow.[2]

9. On or about April 10, 2015, Plaintiff submitted a loan modification application to Wells Fargo. *See* Exhibit 1.

10. Defendant is subject to the aforesaid Regulations and does not qualify for the exception for "small servicer" as defined in 12 C.F.R. § 1026.41(e)(4) or the exemption for a "qualified lender" as defined in 12 C.F.R. § 617.700.

11. Plaintiff is asserting a claim for relief against Defendant for breach of the specific rules under Regulation X as set forth below. Plaintiff has a private right of action and such action provides for remedies including actual damages, costs, statutory damages, and attorneys'

---

[2] See Consumer Fin. Prot. Bureau, Summary of the Final Mortgage Servicing Rules (Jan. 17, 2013), http://files.consumerfinance.gov/f/201301_cfpb_servicing-rules_summary.pdf (last visited Feb. 6, 2015).

fees.

12. Wells Fargo published a guide for real estate professionals in 2013 entitled "A look at the Financial Reform Title XIV rules" which stated, "Wells Fargo Home Mortgage plans to comply with the requirements within this final rule by the January 10, 2014 effective date." It also states, "This rule amends mortgage servicing requirements under Reg X and Reg Z….We intend to lead the mortgage industry, implementing Financial Reform Act." *See* Exhibit 2.

## STATEMENT OF FACTS

13. On January 8, 2013, Wells Fargo the purported holder of the Note at issue filed a complaint for foreclosure on the Loan, against Plaintiff in the Kings County Supreme Court in Kings County New York, which was assigned index number 500097/2013. Plaintiff submitted loan modification applications throughout 2013 and 2014.

14. Plaintiff was instructed to submit any loss mitigation application materials regarding the Loan to Defendant by and through its counsel of record, McCabe, Weisberg & Conway, P.C. ("McCabe, P.C.") 145 Huguenot Street, New Rochelle New York 10801.

15. On or about April 10, 2015, Plaintiff submitted a complete loss mitigation application (the "Application") in hard copy via Federal Express and via electronic mail transmission to Defendant by and through McCabe, P.C.

16. The Application was submitted under 12 C.F.R. part 1024 Supplement 1, Comment 41(b)(1)-3.

17. Defendant did not at any time provide Plaintiff with a letter indicating whether the Plaintiff's Application was received or whether the Plaintiff's Application was complete or incomplete.

18. On May 20, 2015, Plaintiff sent a letter in the form of an e-mail to an employee

with McCabe. P.C. asking if there were any other documents needed to support Plaintiff's Application.

19. On May 21, 2015, Defendant responded to Plaintiff with a missing documents letter in the form of an e-mail from an employee with McCabe. P.C. ("MDL") asking, "Please have your client submit a letter of verification on all current jobs stating date of hire on company letterhead signed and dated. *See* Exhibit 3.

20. The MDL asked for additional items more than thirty days after the Application was submitted.

21. The MDL also asked for items that were never before requested and which were duplicative of income verification already submitted namely Plaintiff's paystubs and bank statements which showed direct deposits from his employers.

22. On May 26, 2015, Plaintiff sent Defendant a letter in the form of an e-mail to an employee with McCabe. P.C. asking why Defendant needed verification of Plaintiff's jobs when he already provided numerous pay statements, noting that the Defendant's request for additional documents was made after the period of time allowed under CFPB regulations. *See* Exhibit 4.

## CLASS ALLEGATIONS

23. Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

24. The class Plaintiff seeks to represent is defined as follows:

> All residents of the United States of America who submitted applications for a loan modification on or before June 12, 2012 from whom Defendant failed to timely notify whether their application was complete or failed to timely request additional information as to render the application complete.

25. Excluded from the Class are Defendant, any entity in which a Defendant has a

controlling interest or is a parent or subsidiary of, or any entity that is controlled by a Defendant, and any Defendant's officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns.

26. The proposed Class encompasses thousand of individuals who are geographically dispersed throughout the United States. Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

27. All members of the Class have been subject to and affected by the same practices and policies described herein. There are questions of law and fact that are common to the Class and which predominate over any questions affecting only individual members of the Class. These questions include, but are not limited to the following: whether Defendant communicates to the Class whether their loan modification applications are complete or incomplete, and if incomplete, what items are missing, on a timely basis.

28. The claims of the named Plaintiff are typical of the claims of the Class and do not conflict with the interests of any other members of the Class in that the Plaintiff and the other members of the Class were subject to the same wrongful policies and practices by Defendant.

29. The individually named Plaintiff will fairly and adequately represent the interests of the proposed Class. Plaintiff is committed to the vigorous prosecution of the Class' claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions.

30. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

31. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class.  Such incompatible standards and inconsistent or varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow to exist inconsistent and incompatible rights within the Plaintiff Class.

32. Defendant has acted or refused to act on grounds generally applicable to the Class making final declaratory or injunctive relief appropriate.

33. The questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

34. A Class action is superior to other available methods for the fair and efficient adjudication of the controversies herein.

35. Plaintiff is not aware of any difficulty which will be encountered in the management of this litigation which should preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT AND IMPLEMENTING REGULATION X; 12 C.F.R. §1024.2(b))**

36. Plaintiff incorporates by reference the allegations set forth above.

37. This action is to enforce regulations promulgated by the Consumer Finance Protection Bureau that became effective on January 10, 2014, specifically, 12 C.F.R. § 1024.41 of Regulation X.

38. During the relevant time period Defendant serviced Plaintiff's Loan, which is a federally related mortgage loan" as said term is defined by 12 C.F.R. § 1024.2(b); 12 U.S.C. §2602.

39. On April 10, 2015, Plaintiff submitted a complete loan modification application.

Defendant failed to timely notify Plaintiff whether his application was complete and failed to timely request additional information so as to render the application complete.

40. Defendant is required, pursuant to 12 CFR § 1024.41(b)(2)(B), to:

Notify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete. If a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete and the applicable date pursuant to paragraph (b)(2)(ii) of this section. The notice to the borrower shall include a statement that the borrower should consider contacting servicers of any other mortgage loans secured by the same property to discuss available loss mitigation options.

41. Wells Fargo did not determine within five days whether Plaintiff's application was complete or incomplete.

42. Wells Fargo also failed to timely provide Plaintiff with a list of the specific "missing" items required to complete Plaintiff's application.

43. As such, Defendant has violated RESPA and Regulation X entitling Plaintiff and the members the Class to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief.

44. Pursuant to 12 U.S.C. § 2605(f) and 12 U.S.C. § 2614, Plaintiff and members of the Class are entitled to $2,000 per violation, plus costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Certifying the Class, as requested herein, certifying Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class;

2. Ordering that Defendant is financially responsible for notifying all members of the Class of the alleged omissions discussed herein;

3.      Awarding Plaintiff and the members of the Class compensatory damages in an amount according to proof at trial;

4.      Awarding Plaintiff and the members of the Class statutory damages in an amount according to proof at trial;

5.      Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein;

6.      Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

7.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable as a matter of right.

Date: June 12, 2015

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER LLP**

*/s/ Todd S. Garber*
Todd S. Garber
*tgarber@fbfglaw.com*
D. Greg Blankinship
*gblankinship@fbfglaw.com*
1311 Mamaroneck Ave., Suite 220
White Plains, NY 10605
Telephone: (914) 298-3283
Facsimile: (914) 824-1561

**THE LAW OFFICES OF NORAH HART**
Norah Hart (*pro hac vice* forthcoming)
nhart@hart-smart.net
305 Broadway, 9th Floor
New York. NY 10007
Telephone: (212) 897-5865
Facsimile: (212) 320-0373

*ATTORNEYS FOR PLAINTIFF*